UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81453-CIV-MARRA

OLLIE SPEAR and JALIL SPEAR, by
and through their mother and next friend,
CHRISTINA CARTER SPEAR,
individually and in a representative capacity

    Plaintiffs

vs.

PUBLIX SUPER MARKETS, INC.

    Defendant.
_____/

## OPINION AND ORDER REMANDING CASE

This cause is before the Court upon Defendant Publix Super Markets, Inc.'s Notice of Removal (DE 1), filed December 9, 2008. The Court has carefully reviewed the court record and is otherwise fully advised in the premises.

Defendant removes this case claiming the basis for removal is federal question jurisdiction. "Specifically, the Complaint establishes federal question jurisdiction because Plaintiffs' well-pleaded Complaint necessarily implicates substantive and disputed questions of federal First Amendment law as essential ingredients of their claims." Notice of Removal at ¶ 4.

## Legal Standard

It is axiomatic that federal courts are courts of limited jurisdiction. <u>Russell Corp. v. American Home Assur. Co.</u>, 264 F.3d 1040, 1050 (11th Cir. 2001). A party who

removes a case to federal court pursuant to 28 U.S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the plaintiff's claims arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331.  Neither the defendant's answer nor its petition for removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broadcasting, Inc., 553 F.Supp. 388, 389 (N.D. Ga. 1983).  Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue sua sponte "applies equally in removal cases."  Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

Federal question jurisdiction is governed by the "well-pleaded complaint" rule. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The well-pleaded complaint rule "makes the plaintiff the master of the claim, he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.  Unless a "substantial" federal question is presented on the face of the complaint, the case does not arise under federal law.  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998); Hagans v. Levine, 415 U.S. 528, 536 (1974); Kemp v. International Business Machines Corp., 109

F.3d 708, 712 (11th Cir. 1997).  However, under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983).   Even when the causes of actions pled are state law, the case might still arise under federal law if the right to relief under state law requires "resolution of a substantial question of federal law in dispute."  Id. at 13.

## Discussion

Examining the face of the Complaint, the Court finds that there is no federal question present.  The Complaint alleges state law claims for defamation and defamation per se.  To recover in a defamation action, a plaintiff must show that the defendant published false and defamatory statements concerning her, without reasonable care as to whether those statements were true or false, which resulted in actual damage to the plaintiff.  American Airlines, Inc. v. Geddes, 960 So.2d 830, 833 (Fla. Dist. Ct. App. 2007).  Words which are injurious upon their face and without the aid of extrinsic proof are defamatory per se, and mere publication of them gives rise to an absolute presumption both of malice and damage.  Boyles v. Mid-Florida Television Corp., 431 So.2d 627, 633 (Fla. Dist. Ct. App. 1983) citing Piplack v. Mueller, 97 Fla. 440 (Fla. 1929); Wolfson v. Kirk, 273 So.2d 774, 776 (Fla. Dist. Ct. App. 1973).

The nature of the cause of action asserted determines jurisdiction.  Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199-201 (1921).  This is a simple

defamation suit.  Clearly, defamation claims do not seek relief under federal law. Nor does the Complaint expressly allege any violations of federal law.  Moreover, there is no suggestion or evidence that the artful pleading doctrine comes into play. Thus, under the well-pleaded complaint rule, this Complaint relies exclusively on state law and there is no federal question jurisdiction.

Defendant asserts in its notice of removal that the complaint establishes federal question jurisdiction because it necessarily implicates substantive and disputed questions of First Amendment law as essential ingredients of their claims.  In support of this claim, Defendant cites Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005) and Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983) (one exception to the well-pleaded complaint rule gives federal jurisdiction when "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims").   These cases provide nothing to support the conclusion that this case is nothing other than what it appears to be - defamation claims arising under state tort law.

The United States Supreme Court in Grable held that the issue of federal question jurisdiction over state-law claims depends on whether the state-law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  545 U.S. at 314.  The Supreme Court noted that "federal jurisdiction demands not only a contested federal issue, but a

substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id. at 313.  In a subsequent decision, the Court reiterated that Grable presents a "slim category" for federal jurisdiction and that "Grable emphasized that it takes more than a federal element 'to open the "arising under" door.' " Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 701 (2006) (quoting Grable, 545 U.S. at 313).

Defendant asserts that the complaint invokes the First Amendment as a basis for jurisdiction, "unaided by anything which Publix might interpose as an affirmative defense." DE 1 at 4.  Defendant is mistaken.  The underlying controversy here is a defamation action.  This, of course, arises under state law and plainly there is no federal jurisdiction as to this state tort claim.  Monks v. Hetherington, 573 F.2d 1164, 1166 (10th Cir. 1978) (defamation action arises under state law and does not pose federal question); Cox v. Int'l Union of Operating Engineers, 672 F.2d 421, 422 (5th Cir. 1982) (fact that alleged defamation arose out of issues of union members' rights does not convert case into one involving federal question); WANV, Inc. v. Augusta County Broadcasting Corp., 414 F.Supp. 23, 25 (W.D. Va. 1976) ("When an individual is accused of violating federal law and seeks libel damages for such an accusation, this does not throw the federal law into question"); Santos v. Knight-Ridder, Inc., No. 04-cv-275, 2004 WL 3127629, *1 (W.D. Ky. Dec. 15, 2004)(common law tort claim such as libel is wholly unrelated to federal law); Buice v. Buford Broadcasting, Inc., 553 F. Supp. 388, 390)( fact that defendant was subject to Federal Communications Act does

not render libel claim one that arises under federal law).

The facts underlying the Complaint are as follows:

While Christina Carter-Spear stood in line with her two boys, Ollie and Jalil Spear, to check out at Publix, a Publix manager approached Ms. Carter-Spear without introducing himself, and in a manner expressing ill will and aggression, stated, "your children have to leave the store, they are not allowed in Publix!" Compl. ¶ 10. The manager continued stating, "a lot of black kids are coming in the store and stealing." Compl. ¶ 11. Ms. Carter-Spear indicated toward her children who were standing beside her and asked the manager, "these two boys, here?" In direct response, the manager stated, "No, not these black kids, but black kids aren't allowed in Publix." *Id*.

Ms. Carter-Spear told investigative news reporter Jamie Holmes about the incident. Compl. ¶¶ 15-16. According to the news story which initially aired on WPTV 5, NBC, West Palm Beach on September 11, 2008 at 11:00 p.m., Holmes reported that Publix officials informed WPTV 5 that, ". . . it had surveillance video of [Ollie and Jalil] shoplifting . . . [and it] had an employee who identified [Ollie and Jalil] as shoplifters. . ." Compl. ¶ 17. This news report re-aired on several subsequent occasions. *Id*. The segment was also published on WPTV's web site where it has remained in broadcast and written form since its initial airing and posting. *Id*. After learning that Publix lied in a very public manner and has not retracted its claim that the minor-aged Plaintiffs are "shoplifters," the Plaintiffs suffer deep shame,

humiliation and depression.  Compl. ¶ 27.

This is an action against Publix for the alleged defamatory remarks its employee published to a news reporter stating that Ollie and Jalil Spear were shoplifters, and that they had a surveillance film of them shoplifting.  These allegedly false statements were subsequently broadcast by the news organization.  There are no First Amendment or any other federal claims arising from these alleged facts.  The fact that Publix may seek to advance the First Amendment based "actual malice" standard of proof as a defense does not constitute a basis for federal jurisdiction, for it is fundamental that anticipation of a defense cannot confer jurisdiction.  <u>Monks v. Hetherington</u>, 573 F.2d 1164, 1166 (10th Cir. 1978) (advancing First Amendment as a defense to state law claim of defamation does not confer federal jurisdiction); <u>Matgouranis v Matgouranis</u>, 296 F.3d 160 (3d Cir. 2002) (response in complaint to anticipated defense of First Amendment rights is not basis for federal question jurisdiction); <u>Chandler v. O'Bryan</u>, 445 F.2d 1045, 1055 (10th Cir. 1971) (federal question as a defense to a suit instituted under state law is not sufficient to convey original jurisdiction on federal court).  The likelihood or even probability that a defense based on federal jurisdiction will arise in an action does not satisfy the requirement that federal jurisdiction be described in the plaintiff's complaint.  <u>Gully</u>, 299 U.S. 109 (1936).

Defendant also asserts that Plaintiffs' Complaint establishes that plaintiffs are limited public figures who have 'thrust themselves' before the media in order to

'influence the resolution of the issues involved' in their dispute with Publix, and . . . that the nature of the dispute they allege with Publix is a matter of public concern . . ." DE 1 at 3.  If a plaintiff is a "limited public figure" and the alleged defamatory publication involves an issue of public concern, then the plaintiff must prove the defendant made the publication with actual malice in order to establish liability.  Gertz v. Robert Welch, Inc., 418 U.S. 323, 342-45 (1974); Silvester v. American Broadcasting Cos., 839 F.2d 1491, 1493 (11th Cir. 1988).

Whether Plaintiffs are or are not limited public figures is a defense that defendant must raise in response to Plaintiffs' claims and establish during the course of the proceedings in order to impose upon Plaintiffs a higher burden of proof.  It is not an element of Plaintiffs' cause of action.  Moreover, the essence of the "limited public figure" cases "is that the plaintiff must have been a public figure prior to the publication of the particular defamatory speech which is the issue of the litigation."  Silvester, 839 F.2d at 1496.  In this case, even if Plaintiffs can be considered "limited public figures" at this point in time, Plaintiffs were not when the allegedly defamatory statements were uttered.  Only after Defendant's employee made the allegedly defamatory comments to the news reporter and then after the comments were broadcast would Plaintiffs have become limited public figures, if at all.  This argument utterly fails to demonstrate a federal question and the propriety of removal.

Lastly, even assuming Plaintiffs will be required to meet the First Amendment

based "actual malice" standard of proof in this case, concluding that a federal question arises in every defamation case involving a public figure would disturb the congressionally approved balance of federal and state responsibilities.  Grable, 545 U.S. at 314.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  All pending motions are denied as moot and the clerk shall close this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of December, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record